Hugh G. Adair, Appellee, v. The H. G. Adair Printing Company, Appellant.

## Gen. No. 15,665.

EVIDENCE—*when entries in books competent as admissions.* Although entries in book may not have been so made as to have been competent to furnish presumptions of delivery, yet when offered against the keeper they may be competent as admissions.

Appeal from the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 19, 1911.

MICHAEL F. SULLIVAN and ALBERT M. CROSS, for appellant.

HINER, BUNCH & LATIMER, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from the Municipal Court of Chicago in a case of the first class in that Court.

The plaintiff there, Hugh G. Adair, who is appellee here, recovered a judgment against the defendant January 30, 1909, for $1,174.82 and costs.

The contentions are made in this appeal that the verdict of the jury on which the judgment was rendered was against the weight of the evidence, and that improper evidence was admitted by the court in behalf of the plaintiff.

The evidence which defendant maintains was improperly admitted were entries in books of account kept by its bookkeeper, and was competent as admissions of the defendant. Its competency does not depend on the same conditions as

does that of entries in books of account of a plaintiff present-
ed to furnish presumption of delivery of goods and merchan-
dise sold.

It is maintained, however, that the admissions are worth-
less because the entries relied on were made at the direction
of the plaintiff himself. Whether this may be considered the
effect of the evidence or not as to some or all of the entries, is
immaterial in view of the fact that there was also evidence
that the bookkeeper had personal knowledge of their accu-
racy, and that other officers of the company knew of them.

The weight of the evidence was for the jury and was left
to them by the oral charge of the trial judge. The whole
matter indeed turns on the weight of the evidence on the dis-
puted points, and was fairly left to the jury. There is no
reason for us to interfere with the verdict. A point strenu-
ously contested was whether the plaintiff had agreed to re-
ceive a portion at least of the amount due him from the com-
pany in stock of the company at par. This question was ex-
pressly and succinctly called to the attention of the jury by
the instructions of the court, and they evidently believed the
plaintiff's denial that there was any such agreement as was
testified to by the witnesses for the defendant. The question
of credibility in a conflict of testimony is for the jury.

The judgment of the Municipal Court is affirmed.

*Affirmed.*